**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KENNEDY, individually and on behalf of all others similarly situated, | Case No.   4:21-cv-09984 |
| Plaintiff, | <u>**CLASS ACTION COMPLAINT**</u> |
| vs. | 1.  COMMON LAW FRAUD |
| GENERAL MOTORS COMPANY, and DOES 1 through 10, inclusive, | 2.  VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* |
| Defendants. | 3.  FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* |
| | 4.  FAILURE TO RECALL/RETROFIT UNDER CALIFORNIA LAW |
| | <u>**DEMAND FOR JURY TRIAL**</u> |

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiff David Kennedy ("Plaintiff") brings this action on behalf of himself, and all others similarly situated, against Defendant General Motors Company ("Defendant" or "GM") and Does 1 through 10, inclusive (collectively, "Defendants"). Plaintiff alleges the following based upon information and belief, the investigation of counsel, and personal knowledge as to the factual allegations pertaining to himself.

## INTRODUCTION

1.      Defendant is putting consumers' safety at risk. Defendant falsely represents the 2020-2022 Chevrolet Bolt EV and 2022 Chevrolet Bolt EUV vehicles (the "Class Vehicles")[1] to be safe and functional for normal use. In fact, the Class Vehicles are not safe and functional for normal use as the batteries may ignite when the Class Vehicles are either fully charged or fall below seventy (70) miles remaining mileage. Consumers also cannot park the Class Vehicles indoors overnight due to the risk of fire. So far, Defendant has done nothing to remedy this issue. Simply put, Defendant is prioritizing profits over the health and safety of consumers.



CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

---

[1] Plaintiff reserves the right to amend or add to the vehicle models included in the definition of Class Vehicles after conducting discovery.

2.      Defendant is a prominent market participant in the electric vehicle ("EV") industry. The Chevrolet EVs have helped position Defendant second among auto manufacturers in the emerging EV market, with nearly a 10% share of battery-car segment in 2021.[2]

3.      Defendant markets the Class Vehicles in a systematically misleading manner by advertising them as safe and functional EVs. In reality, the Class Vehicles are neither safe nor functional for normal use due to the presence of lithium-ion battery modules.

4.      In August 2021, Defendant issued a recall notice for the Class Vehicles, stating that the Class Vehicles' batteries may ignite when nearing a full charge. Defendant warned Plaintiff and Class Members that the Class Vehicles' charge should not exceed 90%, the battery mileage should not fall below seventy (70) miles remaining, and the Class Vehicles should not be parked indoors overnight.

5.      This battery defect presents a significant safety risk for Plaintiff and Class Members because of the inherent risk that the batteries may ignite when nearing full charge. Due to the battery defect and risk of fire, Plaintiff and Class Members are forced to make unforeseen accommodations and take precautions that interfere with their normal and expected use of the Class Vehicles.

6.      Defendant has violated Business & Professions Code section 17200, *et seq.*, and Business & Professions Code section 17500, *et seq.* Plaintiff also brings this action to address Defendant's state law breaches of express and implied warranties and failure to recall under state law.

7.      Accordingly, Plaintiff and consumers have, suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, restitution, and attorneys' fees.

## PARTIES

8.      Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Contra Costa. Plaintiff leased the 2022 Chevrolet Bolt EV (individually referred to as the "Class Vehicle") on July 26, 2021, from Boardwalk Cars Inc, in Redwood City, California. Plaintiff

[2] Eisenstein, Paul A. *Ev Battery Fires: What Consumers Should Know.* Forbes, Forbes Magazine, 16 Sept. 2021, https://www.forbes.com/wheels/news/battery-car-fires/ (last visited December 13, 2021).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7

made his purchase decision based on his belief that he would receive a vehicle that was safe and functional. The Class Vehicle was valued at $31,995. Per Plaintiff's lease agreement, Plaintiff has paid $271.65 per month for the Class Vehicle since his purchase in July 2021, in addition to the initial down payment of $6,000. These monthly payments have and will continue per the lease agreement for thirty-five (35) months. Plaintiff entered into this lease agreement under the assumption that he would be able to safely store, operate, and manage the Class Vehicle to fullest battery and mileage capacity as needed.

8
9
10
11
12
13
14

9.     Defendant, General Motors Company, is a Delaware corporation headquartered in Detroit, Michigan. Defendant maintains its principal place of business at 300 Renaissance Ctr. Detroit, Michigan 48265. Defendant, directly and through its agents, conducts business nationwide. Defendant has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, and distributor of the Class Vehicle, and is the company that created and/or authorized the false, misleading, and deceptive representations for the Class Vehicles.

15
16
17
18
19
20
21
22
23

10.     The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos, sued herein as DOES 1 through 10 inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

24
25
26
27
28

11.     Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

12.     In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Class Vehicles. Defendants participated in the making of such representations in that they did disseminate or cause to be disseminated said misrepresentations.

13.     Defendants, upon becoming involved with the manufacture, distribution, advertising, marketing, and sale of the Class Vehicles, knew or should have known that the Class Vehicles' advertising was false, deceptive, misleading, unfair, unlawful, and fraudulent. Since the time Defendants introduced the Class Vehicles into the marketplace, Defendants have misrepresented the safety of the Class Vehicles' batteries and the Class Vehicles' range capabilities in order to convince consumers to purchase and use the Class Vehicles, resulting in profits of hundreds of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 and the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states.

15.     Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California, resides in this District, and purchased the Class Vehicle within this District. Moreover, Defendant receives substantial compensation from sales in this District, and Defendant made numerous misrepresentations which had a substantial effect in this District, including, but not limited to, Internet advertisements and promotional marketing materials, among other advertising.

16.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California.  Defendant is authorized to do and doing business in California.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**I.   DEFENDANT SEEKS TO CAPITALIZE ON THE GROWING U.S. "CLEAN" VEHICLE MARKET**

17.   The EV market in the United States is "expected to reach 6.9 million unit sales by 2025, up from 1.4 million unit sales forecast for 2020, due to government incentives driving EV ownership."[3]

18.   Defendant is one of the largest auto manufacturers in the world and is an industry leader in EV sales. In fact, Defendant plans to put "every driver in an electric vehicle on a scale previously unseen and [bring] the world to an all-electric future . . . [and] plan[s] to offer thirty (30) new electric vehicles (EVs) globally by 2025."[4]

19.   The key element of Defendant's strategy is a new lithium-ion battery, called Ultium, that Defendant claims will give it engineering flexibility while reducing battery cell costs to less than $100 per kilowatt-hour.[5]

**II.   DEFENDANT'S MISLEADING MARKETING**

20.   The safety and functionality of a vehicle is material to any consumer seeking to purchase that vehicle.

21.   Accordingly, Defendant chose a marketing strategy that boasts a competitive mileage capacity (259 miles electric range on a full charge) to convey that consumers are receiving an electric vehicle that is able to maintain battery life for long distances. Such representations constitute an express warranty regarding the Class Vehicle's capabilities.

---

[3] *US EV market sales to rise to 6.9 million units by 2025: Frost & Sullivan*, S&P GLOBAL, https://www.spglobal.com/platts/en/market-insights/latest-news/electric-power/111920-us-ev-market-sales-to-rise-to-69-million-units-by-2025-frost-amp-sullivan#:~:text=London%20%E2%80%94%20The%20US%20electric%20vehicles%20market%20is,Frost%20%26%20Sullivan%20said%20Nov.%2019.%20Not%20registered%3F (last visited December 13, 2021).

[4] *See* Defendant's website, https://www.gm.com/commitments/electrification.html?ppc=MICROSOFT_700000001963580_71700000075931055_58700006500471849_p66451781569&d_src=313715&d_adsrc=4137267&d_campaign=71700000075931055&d_site=MICROSOFT&d_adgroup=58700006500471849&d_keyword=%27%27+gm+electric%22&gclick=&gclid=281a5031429e114ea5d4317a3511006e&gclsrc=3p.ds&msclkid=281a5031429e114ea5d4317a3511006e (last visited December 13, 2021).

[5] Rosevear, John, *General Motors Will Answer Tesla With $20 Billion Electric Vehicle Push*, THE MOTLEY FOOL, https://www.fool.com/investing/2020/03/04/general-motors-will-answer-tesla-with-new-batterie.aspx (last visited December 13, 2021).



22.     Based on Defendant's advertising, reasonable consumers believe that they are purchasing a vehicle that is functional and safe.

23.     Plaintiff and other reasonable consumers of the Class Vehicles could not have reasonably understood or expected these representations to prove untrue at the point of sale.

24.     Prior to the point of sale, the Class Vehicles do not allow for confirmation of the advertised features or the safety of the Class Vehicles.

25.     Plaintiff expected the Class Vehicle to meet the stated long-range mileage capacity and battery usage.

## III.     THE CLASS VEHICLES ARE DANGEROUS

26.     Approximately one month after Plaintiff leased the Class Vehicle, Defendant issued a recall notice, stating that the batteries may ignite when nearing a full charge. Specifically, Defendant warned that the Class Vehicles' charge should not exceed 90%, the battery mileage should not fall below seventy (70) miles remaining, and the Class Vehicles should not be parked indoors overnight due to the risk of fire.

27.     Defendant falsely represents the safety of the Class Vehicles as well as the expected battery usage and mileage capacity of the Class Vehicles. The marketing material for the Class Vehicles leads the reasonable consumer to believe he or she is purchasing an environmentally friendly vehicle that functions as a long-range vehicle, when, in reality, he or she cannot charge the

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

vehicles to their full battery capacity or drive the Class Vehicles for long distances due to fear of falling below seventy (70) miles remaining on a single charge.

28.     Plaintiff and the Class expected to use the Class Vehicles without the fear of the Class Vehicles igniting and causing serious bodily harm or death.

## IV.    DUE TO DEFENDANT'S MISLEADING MARKETING, PLAINTIFF AND THE CLASS HAVE SUFFERED INCONVENIENCE AND ANXIETY

29.     Plaintiff has been forced to make unforeseen accommodations and take precautions that interfere with his normal and expected use of the Class Vehicle, including but not limited to: (1) only charging the Class Vehicle in the driveway during the morning through early afternoon time frames when he can monitor and before the steep increase of kWh rates in peak time; (2) not charging the Class Vehicle overnight due to fire risk, even though it is most convenient for Plaintiff, which also limits the amount of charge that he can obtain; (3) only parking the vehicle at the far end of his driveway, as far away from the garage and house as possible, to reduce the risk of fire; (4) only parking the vehicle outdoors and exposing it to the elements at all times, resulting in paint deterioration; (5) only using the vehicle for short distances due to limited charging capacity (i.e. no more than 63%)[6] and fear of the car overheating and lighting on fire if used for long distances; (6) resorting to using other vehicles or obtaining rides for longer distance trips and accruing additional fuel and/or related expenses; (7) installing smoke alarms in the garage to warn of any fire ignition when the Vehicle is charging; (8) being forced to drive other vehicles when parking at locations that require parking in a structure; (9) searching for outdoor parking away from other vehicles or structures to avoid the risk of damaging others' property.

30.     As a result, Plaintiff's use and enjoyment of the Class Vehicle has been severely limited. Instead of utilizing the vehicle, or even saving money due to the vehicle being electric, Plaintiff is forced to use other vehicles instead, spend more money on gas charges, and substantially limit the use of the Class Vehicle.

---

[6] Defendant's warning that consumers should not charge the Vehicles past 90% drops the advertised mileage capacity from 259 to 233.10 miles. Taking into consideration that consumers cannot allow the miles remaining on the Vehicle to fall below 70 miles, the battery range falls further to 163.10 miles – that is, 62.97% of the advertised mileage.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

31.     Due to the fact that Plaintiff cannot charge the Class Vehicle overnight and instead must resort to sporadic charging times, the charge is severely limited and thus, his ability to use the Class Vehicle is limited even more.

32.     Plaintiff has suffered constant anxiety and loss of sleep as a direct result of the risk the Class Vehicle may spontaneously ignite.

33.     Plaintiff would not have bought the Class Vehicle if he had known it was neither safe nor functioned as advertised, based on Defendant's standards for normal use. Plaintiff would like to use the Class Vehicle as intended without limitation; however, Defendant has not yet advised Plaintiff when the battery defect will be fixed, resulting in Plaintiff's significantly diminished use and enjoyment of the Class Vehicle.

34.     Therefore, Plaintiff and the class are entitled to (a) recovery of damages in the form of loss of use of the Class Vehicle(s); (b) the option to return the Class Vehicles and obtain the money back for which they paid; and/or (c) the option to keep the vehicle with the immediate fix of the batteries or option to lease rent-free other vehicles at Defendant's expense. Plaintiff is also entitled to recovery of attorneys' fees and costs, and prejudgment and post judgment interest.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> "All persons who purchased the Class Vehicles in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the date of the court's approval of the class certification motion."

Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Class Vehicles. Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

36.     The Class is comprised of tens of thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

37.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.  The true nature, safety, and actual mileage capacity of each Class Vehicle;

b.  Whether the marketing, advertising, and other promotional materials for the Class Vehicles are deceptive;

c.  Whether Defendant misrepresented the approval of the United States Congress, and California Legislature that the Class Vehicles are safe and can perform up to the advertised miles;

d.  Whether the Class Vehicles are unsafe for reasonably foreseeable use;

e.  Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

f.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

g.  Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

h.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

i.  Whether Defendant made false and misleading representations in its advertising and marketing of the Class Vehicles;

j.  Whether Defendant knew or should have known that the representations were false;

k.  Whether Plaintiff and the Class paid more money for the Class Vehicles' perceived attributes;

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

l.    Whether Defendant committed common law fraud;

38.    Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained in advertisements that was seen and relied on by Plaintiff and Class Members.

39.    Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

40.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, and misleading representations. Plaintiff purchased the Class Vehicle because he wanted a safe and fuel-efficient electric vehicle with competitive mileage capabilities. Plaintiff relied on Defendant's representations and would not have purchased the Class Vehicle if he had known that the representations as described herein were false and misleading.

41.    The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions and by Internet publication, radio, newspapers, and magazines.

42.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

43.    The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

44.    Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

45.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

**COUNT ONE**
**FRAUD**
**(Common Law)**

46.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

**A.     Affirmative Misrepresentation**

47.     Plaintiff asserts this affirmative misrepresentation theory of fraud on behalf of himself and the Nationwide Class or, in the alternative, on behalf of the State Class, against Defendant.

48.     Defendant willfully, falsely, and knowingly marketed the Class Vehicle as having the range capability to reach 259-miles on a full charge. Through this deceptive marketing, Defendant communicated to Plaintiff that the Class Vehicle was, among other things, environmentally friendly and capable of long-range use.

49.     This was a material fact, as mileage range is essential to the reasonable consumer's decision-making process. Defendant's representations were false because the Class Vehicle in fact contains a lithium-ion battery that causes the vehicle to overheat during pro-longed use, resulting in a substantial reduction in the range capability of the Class Vehicle.

50.     Defendant knew the representations were false and intended Plaintiff and Class Members to rely on them.

51.     Plaintiff decided to buy the Class Vehicle based in part on the false and misleading representations described herein. Because Defendant's mileage range advertisements were part of an extensive advertising campaign, and each Class Member was exposed to the advertisements, a plausible inference of reliance can be made for the entire Class. (*In Re Tobacco II Cases*, 207 P.3d 20, 40 (Cal. 2009)).

1

**B.**   **Fraudulent Concealment: Mileage Range and Battery Safety**

2        52.    Plaintiff asserts this fraudulent concealment theory of fraud on behalf of himself and

3    the Nationwide Class or, in the alternative, on behalf of the State Class, against Defendant.

4        53.    Again, Defendant marketed the Class Vehicle as having the range capability to reach

5    259-miles on a full charge, which not only communicated that the Class Vehicle was

6    environmentally friendly, but also that it was capable of long-range use.

7        54.    The mileage range was also the centerpiece of Defendant's marketing efforts and

8    featured prominently in virtually every advertisement and consumer communication. Through

9    dealership training materials leading to representations at the point of sale, vehicle brochures, the

10   manufacturer websites, print advertisements, television advertisements, and other avenues,

11   Defendant pervasively and consistently represented that the Class Vehicle had the best-in-class fuel

12   economy and touted its specific mileage range on a single charge, as well as its supposedly superior

13   battery, that was presumably safe.

14       55.    Defendant concealed and suppressed the fact that the Class Vehicle could not achieve

15   its expected range and safety due to the overheating battery. Instead, Plaintiff and Class Members

16   would only be able to charge the Class Vehicle to 90% and use the Class Vehicle only if the use

17   did not exceed 70 miles remaining. This was a material fact about which the Defendant had

18   knowledge, and which it concealed from Plaintiff and Class Members to mislead them.

19       56.    Knowledge and information regarding the Class Vehicles' defects were in the

20   exclusive and superior possession of Defendant and their dealers, and were not provided to Plaintiff

21   and Class Members, who could not reasonably discover the defect through due diligence.

22       57.    Plaintiff and Class Members did not know this fact and could not have discovered it

23   through reasonably diligent investigation.

24       58.    Defendant had a duty to disclose that the battery in the Class Vehicle is unsafe at the

25   point of purchase because (1) Defendant had exclusive knowledge of the material, suppressed facts;

26   (2) Defendant took affirmative actions to conceal the material facts; and (3) Defendant made partial

27   representations about the mileage range, battery safety, and performance of the Class Vehicle that

28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLASS ACTION COMPLAINT

were misleading without disclosure of the fact that the Class Vehicle contained unsafe batteries that caused the Class Vehicle to overheat and pose a risk of fire.

59.     Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's advertising which stresses the "259-mi" range of each Class Vehicle.

60.     Plaintiff decided to buy the Class Vehicle based in substantial part on the representations communicated through the Defendant's marketing material. Because Defendant's mileage range advertisements were part of an extensive advertising campaign, and each Class Member was exposed to the advertisements, a plausible inference of reliance can be made for the entire Class. (*In Re Tobacco II Cases*, 207 P.3d 20, 40 (Cal. 2009)).

61.     Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Class Vehicles and, had they known the truth, they would not have purchased the Class Vehicles or would have paid significantly less for the Class Vehicles.

62.     Plaintiff would like to use the Class Vehicle as intended without limitation; however, Defendant has not yet even advised Plaintiff when the recall can be fixed, resulting in Plaintiff's significantly diminished use and enjoyment of the Class Vehicle.

63.     Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

**COUNT TWO**
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**BUSINESS & PROFESSIONS CODE § 17200,** *et seq.*

64.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

65.     Plaintiff brings this claim individually and on behalf of the Class.

66.     Defendant advertised the Class Vehicle as having a leading electric vehicle mileage capacity of 259 miles per full charge. Contrary to these representations, the Class Vehicle is not capable of meeting this mileage expectation, due to the unsafe battery condition. This misrepresentation is evident from Defendant's recall notice sent out to Plaintiff and the Class on August 20, 2021, warning them to not to exceed 90% of the mileage capability, approximately 233 miles to the charge. Moreover, Plaintiff and the Class were informed not to allow the vehicles'

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

charge to fall below 70 miles. Lastly, Plaintiff and the Class were warned not to park the vehicles indoor overnight due to concerns that the battery may catch on fire.

67.     These restrictions significantly infringe upon Plaintiff's use of the Class Vehicle and present serious safety concerns. Had Plaintiff known of these safety issues and use limitations a month prior, he would not have purchased the Class Vehicle.

68.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

### A.     "Unfair Prong"

69.     Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

70.     Defendant's action of using a defective battery in the Class Vehicle does not confer any benefit to consumers.

71.     Defendant's action of using a defective battery in the Class Vehicle causes injuries to consumers, who cannot use their vehicle commensurate with their reasonable expectations.

72.     Defendant's action of using a defective battery in the Class Vehicle causes injuries to consumers, who cannot park their vehicle commensurate with their reasonable expectations.

73.     Defendant's action of using a defective battery in the Class Vehicle causes injuries to consumers, who end up overpaying for the Class Vehicle and receiving a quality of vehicle less than what they expected to receive.

74.     Consumers cannot avoid any of the injuries caused by the defective battery in the Class Vehicles.

75.     Accordingly, the injuries caused by Defendant's use of the defective battery in the Class Vehicles outweigh any benefits.

76.     Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

77.    Here, Defendant's conduct of using the defective battery in the Class Vehicles has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

78.    Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T WirelessServs. Inc*., 504 F. 3d 718, 735 (9th Cir. 2007).

79.    As alleged herein, the misrepresentations by Defendant detailed above constitute an unfair practice that poses a threatening impact on competition within the meaning of California Business and Professions Code Section 17200.

80.    Defendant's marketing of the Class Vehicles, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

81.    Defendant knew or should have known of their unfair conduct.

82.    There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct alleged herein. Defendant could have used a battery appropriate for the Class Vehicle.

83.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

84.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this vehicle. Plaintiff would not have purchased the Class Vehicle if he had known that the Class Vehicle contained a defective, unsafe battery.

**B.    "Fraudulent" Prong**

85.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

86.     Defendant's conduct of using a defective battery at the point of sale without notifying prospective consumers that the battery is unsafe, is likely to deceive members of the public.

87.     Defendant's conduct of advertising a battery range of 259 miles is fraudulent and likely to deceive members of the public.

88.     Defendant's use of a defective battery, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

89.     Defendant knew or should have known of their fraudulent conduct.

90.     As alleged herein, the misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

91.     Defendant had reasonably available alternatives to further its legitimate business interests other than the conduct described herein. Defendant could have used a battery appropriate for the quality and safety of the Class Vehicle.

92.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

93.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for this vehicle. Plaintiff would not have purchased the Class Vehicle if she had known that the battery unsafe and unfit for normal use.

### C.     "Unlawful" Prong

94.     California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

95.     Defendant's use of a defective battery, as alleged in the preceding paragraphs, violates California Business and Professions Code Section 17500, *et. seq.*

96.     Defendant's use of a defective battery, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

97.     Defendant knew or should have known of its unlawful conduct.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

98.     As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

99.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct alleged herein. Defendant could have used a battery appropriate for the quality and safety of the Class Vehicle.

100.    All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

101.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this Class Vehicle. Plaintiff would not have purchased the Class Vehicle if he had known that the battery unsafe and unfit for normal use.

102.    Plaintiff would like to use the Class Vehicle as intended without limitation; however, Defendant has not yet even advised Plaintiff when the recall can be fixed, resulting in Plaintiff's significantly diminished use and enjoyment of the Class Vehicle.

103.    As a result of the business acts and practices described above, Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Class Vehicles as a result of the wrongful conduct of Defendant.

      a.  Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

      (1) The applicable limitations period is four years for claims brought under the UCL, which is one year longer than the applicable statute of limitations under the FAL. Thus, class members who purchased the Class Vehicles between 3 and 4 years prior to the filing of the complaint will be barred from the Class if equitable relief were not granted under the UCL.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(2) The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein to include, for example, the overall unfair marketing scheme of using batteries that cannot yield the advertised mileage range. Thus, Plaintiff and class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity).

(3) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively maintain defective batteries in the Class Vehicles. Injunctive relief is necessary to prevent Defendant from continuing to engage in this unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of removing the Class Vehicles from market and ceasing the marketing scheme that boasts an impressive mileage range for Class Vehicles, is necessary to dispel public misperception about the Class Vehicles that has resulted from years of Defendant's unlawful marketing efforts. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm, rendering injunctive relief a necessary remedy.

104.   Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

105.   Plaintiff and the Class suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's misrepresentations and their concealment of and failure to disclose material information. Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff and the California State Class seek an order enjoining Defendant's unfair and/or deceptive acts or practices, any such orders or judgments as may be necessary to restore to Plaintiff and California State Class members any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as

provided in Cal. Bus. & Prof. Code §§ 17203 and 3345, and any other just and proper relief available under the California UCL.

**COUNT THREE**

**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500,** *et seq.*

106.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

107.    Plaintiff brings this claim individually and on behalf of the Class.

108.    California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

109.    Defendant knowingly 1) misrepresented the Class Vehicle's mileage capacity capabilities – a material fact that was false and 2) misrepresented the Class Vehicle's safety features.

110.    Defendant knew or should have known, through the exercise of reasonable care, that their representations about the mileage capabilities and the safety of the Class Vehicle were untrue and misleading.

111.    Defendant's action of misrepresenting the mileage capabilities and the Class Vehicle's safety is likely to deceive the general public.

112.    Defendant's actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

113.    As a direct and proximate result of Defendant's conduct alleged herein in violation of the FAL, Plaintiff and members of the Class, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant and requiring Defendant to disclose the true nature of its misrepresentations.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

a. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively misrepresent the Class Vehicle. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct alleged herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of advertising modifications, is necessary to dispel public misperception about the Class Vehicle that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, using a safe battery and reflecting an accurate mileage capacity in their marketing materials. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members overpay pay for the Class Vehicle), rendering injunctive relief a necessary remedy.

114. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Class Vehicle in reliance upon the claims by Defendant that the Class Vehicle can achieve 259 miles per full charge, can be driven until the mileage is close to or at 0 miles, and can park the Class Vehicle indoors overnight as expected by a reasonable consumer. Plaintiff would not have purchased the Class Vehicles if she had known that the advertising and marketing as alleged herein were false.

115.   Plaintiff would like to use the Class Vehicle as intended without limitation; however, Defendant has not yet even advised Plaintiff when the recall can be fixed, resulting in Plaintiff's significantly diminished use and enjoyment of the Class Vehicle.

116.   Plaintiff and members of the Class also request an order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interest and attorneys' fees.

## COUNT FOUR
### Failure to Recall/Retrofit under California Law

117.   Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

118.   Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

119.   By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Class Vehicles to Plaintiff and Class Members in a manner that was unfair, unconscionable, and oppressive.

120.   Defendant manufactured, marketed, distributed, sold, or otherwise placed into the stream of U.S. commerce the Class Vehicles, as set forth above.

121.   Defendant knew or reasonably should have known that the Class Vehicles were dangerous when used in a reasonably foreseeable manner and posed an unreasonable risk.

122.   Defendant became aware the Class Vehicles were dangerous when used in a reasonably foreseeable manner and posed an unreasonable risk.

123.   Defendant failed to recall the Class Vehicles in a timely manner or warn of the dangers posed by the Class Vehicles.

124.   A reasonable manufacturer in the same or similar circumstance would have timely and properly recalled the Class Vehicles.

125.   Plaintiff and the Class were harmed by Defendant's failure to recall the Class Vehicles properly and in a timely manner and, as a result, have suffered damages, including their

out-of-pocket costs, losses, and inconvenience, and caused by Defendant's ongoing failure to properly recall, retrofit, and fully repair the Class Vehicles.

126.    Even in the event of a recall, Plaintiff and the Class have suffered and continue to suffer damages for each day that a recall is delayed.

127.    Defendant's failure to timely recall the Class Vehicles was a substantial factor in causing harm to Plaintiff and the Class as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

A.    An order enjoining Defendant from continuing to advertise the Class Vehicles as challenged herein;

B.    Damages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;

C.    Restitution and/or disgorgement in an amount to be determined at trial;

D.    Reasonable attorneys' fees and costs; and

E.    Granting such other and further as may be just and proper.

## **JURY TRIAL DEMANDED**

128.    Plaintiff demands a jury trial on all triable issues.

Dated: December 23, 2021                    **CLARKSON LAW FIRM, P.C.**

By: */s/ Yana Hart*
      Yana Hart, Esq.
      Ryan Clarkson, Esq.

      *Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265